**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MISSOURI**

| | | |
|---|---|---|
| **AMANDA BOTTCHER as next friend** | ) | |
| **for Z.D., a minor,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** |
| | ) | |
| **MISSOURI DEPARTMENT** | ) | |
| **OF CORRECTIONS** | ) | |
| | ) | |
| **AL LUEBBERS in both his individual** | ) | |
| **and official capacities as warden of** | ) | |
| **the Farmington Correctional Center,** | ) | |
| | ) | |
| **JOHN and JANE DOE** | ) | |
| **CORRECTIONAL OFFICERS in** | ) | |
| **both their individual and official** | ) | |
| **capacities as correctional officers at** | ) | |
| **the Farmington Correctional Center,** | ) | |
| | ) | |
| **DR. ROBERT L. WUDEL, D.O. in** | ) | |
| **both his individual and official** | ) | |
| **capacities as infirmary care physician** | ) | |
| **at the Farmington Correctional** | ) | |
| **Center,** | ) | |
| | ) | |
| **DR. DAVID MULLEN, D.O. in** | ) | |
| **both his individual and official** | ) | |
| **capacities as infirmary care physician** | ) | |
| **at the Farmington Correctional** | ) | |
| **Center,** | ) | |
| | ) | |
| **BEVERLY A. DUNCAN in both** | ) | |
| **her individual and official capacities** | ) | |
| **as infirmary care nurse at the** | ) | |
| **Farmington Correctional Center,** | ) | |
| | ) | |
| **SUSAN M. CLARK in both** | ) | |
| **her individual and official capacities** | ) | |
| **as infirmary care nurse at the** | ) | |
| **Farmington Correctional Center,** | ) | |

1

FELICIA L. GIUDICY in both            )
her individual and official capacities )
as infirmary care nurse at the        )
Farmington Correctional Center,       )
                                      )
CORIZON, INC. f/k/a                   )
CORRECTIONAL MEDICAL                  )
SERVICES, INC. as employer of the     )
health care defendants,               )          JURY TRIAL DEMANDED
                                      )
                Defendants.           )          PLACE OF TRIAL:  ST. LOUIS, MO

## COMPLAINT

**COMES NOW** plaintiff, and alleges the following as his causes of action against defendants.

### A.      PRELIMINARY STATEMENT AND INTRODUCTION

1.      This civil rights action is brought by plaintiff seeking monetary damages for the violation of the civil rights of his father Douglas Davis, under the Eighth and Fourteenth Amendments to the United States Constitution, R.S.Mo. § 217.230 and similar provisions of the Constitution of the State of Missouri.

2.      Decedent Douglas Davis was in the custody and control of the Missouri Department of Corrections as an inmate at the Farmington Correctional Center when Defendants deprived Mr. Davis of his right to medical care and treatment; decedent Douglas Davis suffered from an ongoing ischemic stroke for in excess of 24 hours before being provided emergency medical treatment.  Mr. Davis' condition, and the failure to treat it, led to Mr. Davis' death on January 21, 2011.

3.      Plaintiffs specifically seek damages for defendants' deliberate indifference to rights and their reckless and intentional actions that violated Douglas Davis's civil

2

rights, violated his Eighth Amendment right to be free from cruel and unusual punishment, deprived him of his right to health care treatment and ultimately his life, and thereby damaged plaintiff as his son.

## B.     PARTIES

4.     Plaintiff Z.D. and his Next Friend Amanda Bottcher currently reside in the State of Missouri and are Missouri residents.   Z.D. is the natural biological son of the decedent, Douglas Davis, who was unmarried at the time of his death.  Accordingly, Z.D. is entitled to bring an action on behalf of all members of the class for wrongful death pursuant to R.S.Mo. § 537.080.

5.     The Defendant Missouri Department of Corrections is a state agency created under the laws of Missouri.  At all times relevant herein, Defendant Missouri Department of Corrections is the state agency that is responsible for the wrongful death of Douglas Davis, which was caused by the intentional acts and/or failures to act of the Defendant John Doe Correctional Officers and Defendant Warden Al Luebbers, who were acting under color of state law, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of the Missouri Department of Corrections, and were acting within the scope and course of their employment/agency.   The Missouri Department of Corrections can be served with legal process at the Office of the Director, George Lombardi, 2729 Plaza Drive, Jefferson City, MO 65102.

6.     At all times relevant hereto, Defendant Al Luebbers was a citizen and resident of Missouri and was acting in his capacity as Warden of the Farmington

3

Correctional Center and was acting under the color of state law.  He is hereby sued in both his individual and official capacities.  Defendant Luebbers may be served with process at the Farmington Correctional Center, 1012 W. Columbia St., Farmington, MO 63640.

7.     Upon information and belief, Defendants John and Jane Doe Corrections Officers, the names of which are unknown at this time, were citizens and residents of St. Francois County, Missouri, and were at all times material to the allegations of this Complaint acting in their capacities as Corrections Officers employed by the State of Missouri by and through the Missouri Department of Corrections and were acting under the color of State law.  They are hereby sued in both their individual and official capacities.

8.     At all times relevant herein, Defendant Dr. Robert L. Wudel, D.O. was a citizen and resident of Missouri and was acting in his capacity as infirmary care physician of the Farmington Correctional Center and was acting under the color of state law.  He is hereby sued in both his individual and official capacities.  Defendant Wudel may be served with process at his place of business, 330 N. State Street, Suite C, Desloge, MO 63601.

9.     At all times relevant herein, Defendant Dr. David Mullen, D.O. was a citizen and resident of Missouri and was acting in his capacity as infirmary care physician of the Farmington Correctional Center and was acting under the color of state law.  He is hereby sued in both his individual and official capacities.  Defendant Mullen may be

served with process at his place of business, 9717 Landmark Parkway Dr., Suite 216, Saint Louis, MO 63127.

10.    At all times relevant herein, Defendant Beverly A. Duncan was a citizen and resident of Missouri and was acting in her capacity as infirmary care nurse at the Farmington Correctional Center and was acting under the color of state law.  She is hereby sued in both her individual and official capacities.  Defendant Duncan may be served with process at 5230 Hurryville Rd., Farmington, MO 63640.

11.    At all times relevant herein, Defendant Susan M. Clark was a citizen and resident of Missouri and was acting in her capacity as infirmary care nurse at the Farmington Correctional Center and was acting under the color of state law.  She is hereby sued in both her individual and official capacities.  Defendant Duncan may be served with process at 8619 Byrnesville Rd., Cedar Hill, MO 63016.

12.    At all times relevant herein, Defendant Felicia Giudicy was a citizen and resident of Missouri and was acting in her capacity as infirmary care nurse at the Farmington Correctional Center and was acting under the color of state law.  She is hereby sued in both her individual and official capacities.  Defendant Giudicy may be served with process at 14664 Charter Church Rd., Festus MO 63028.

13.    Defendant Corizon, Inc., formerly known as Correctional Medical Services, Inc., is a Missouri corporation with its principal place of business in the State of Missouri.  At all times referenced herein, Corizon, Inc. was contracted by the Missouri Department of Corrections to provide health care services at the Farmington Correctional facility and was the employer of some or all of the health care defendants including but

5

not limited to Dr. Wudel, Dr. Mullen, Nurse Duncan, Nurse Clark, and/or Nurse Giudicy. Defendant Corizon, Inc., can be served with process at its registered agent:   CT Corporation System, 120 South Central Avenue, Clayton MO 63105.

## C.    JURISDICTION

14.    Jurisdiction over the claims asserted against Defendant Missouri Department of Corrections and its individual employees is conferred by 28 U.S.C. §1343, which provides for original jurisdiction of this Court in suits authorized by 42 U.S.C. §1983, to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the united States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States and by 28 U.S.C. §1331.

15.    Plaintiffs actions for damages against Defendant Missouri Department of Corrections are authorized by:

> (a)    42 U.S.C. §1983, which provides redress for the deprivation under color of state law by any statute, ordinance, regulation, custom or usage of any state or territory of any rights, privileges or immunities secured to all the citizens or persons within the jurisdiction of the United States;
>
> (b)    The Eighth and Fourteenth Amendments of the United States Constitution and similar provisions of the Missouri Constitution;
>
> (c)    R.S.Mo. § 217.230, which mandates healthcare for individuals confined in correctional centers;
>
> (d)    R.S.Mo. § 537.080, which authorizes an action for Wrongful Death;

(e)     Other laws of the State of Missouri including but not
limited to R.S.Mo. Chapter 538, Missouri Common Law
for Medical Negligence and Wrongful Death; and

(f)     42 U.S.C. §1988, which authorizes plaintiffs'
application for attorneys' fees and provides that a court
may award a reasonable attorneys' fee  and expert fees
as part of costs in any action or proceeding to enforce a
provision of 42 U.S.C. §1983.

16.     Jurisdiction over the claims asserted against the health care defendants in
their individual capacities for medical negligence and lost chance of survival may be
exercised by this Court pursuant to the common law doctrine of supplemental/ancillary
jurisdiction.

17.     Venue is proper in the United States District Court for the Eastern District
of Missouri under 28 U.S.C. §1391 (a)(2), since the events or omissions giving rise to
plaintiffs' claims occurred in Farmington, St. Francois County, Missouri.

## D.     FACTUAL ALLEGATIONS

18.     From October 2010 until the date of his death January 21, 2011, Douglas
Davis was an inmate housed at the Farmington Correctional Center located in
Farmington, Missouri.

19.     On or before January 19, 2011, while an inmate at the Farmington
Correctional Center, Douglas Davis was suffering from symptoms of a serious medical
condition including but not limited to fevers, headaches, memory problems, drowsiness,
and altered behavior.

20.     Prior to January 19, 2011, Douglas Davis was treated by the Farmington
Correctional Facility for these symptoms with pain killers for the headaches.  Douglas

7

Davis was <u>not</u> provided with any further medical services to diagnose or treat the additional symptoms.

21.     On January 19, 2011, at approximately 6:15 a.m. Douglas Davis presented to the Farmington infirmary with additional symptoms including but not limited to fever, drowsiness, slurred speech, inability to respond to questions or commands, decreased eye / hand coordination, weakness on right side of the body, and muscle weakness / facial drooping on the right side of the body.

22.     On information and belief, one of the Farmington infirmary medical staff diagnosed Douglas Davis Douglas Davis with a possible transient ischemic attack (stroke) and recommended that he be seen at a local emergency room for emergency medical treatment.

23.     On information and belief, the medical recommendation to seek emergency treatment for Douglas Davis was disregarded or overridden; instead Defendants assumed that Douglas Davis had ingested contraband (drugs) and placed him in solitary confinement.

24.     Douglas Davis continued to suffer from symptoms of an ischemic stroke throughout January 19, 2011 and into the following day without medical treatment.

25.     On January 20, 2011, at approximately 8:00 a.m., Douglas Davis presented to the Farmington infirmary continuing to suffer from fever, drowsiness, slurred speech, inability to respond to questions or commands, decreased eye / hand coordination, weakness on right side of the body, and muscle weakness / facial drooping on the right side of the body.

26.     On January 20, 2011, at 11:55 a.m., an unknown Farmington infirmary medical staff member placed a phone call to obtain a referral of Douglas Davis to an outside emergency room for emergency treatment of his symptoms.

27.     On January 20, 2011, at approximately 1:45 p.m., Douglas Davis was referred out to the Mineral Area Regional Medical Center for emergency medical treatment.

28.     On January 20, 2011, at approximately 2:32 p.m., Douglas Davis was admitted to the Mineral Area Regional Medical Center for emergency medical treatment.

29.     Defendants falsely reported to the Mineral Area Regional Medical Center that Douglas Davis had overdosed on drugs.

30.     The Mineral Area Regional Medical Center diagnosed Douglas Davis a cerebral infarction (ischemic stroke); all drug screen testing performed by the Mineral Area Regional Medical Center was negative.

31.     Thereafter, the Mineral Area Regional Medical Center consulted with St. John's Mercy Hospital intensive care unit regarding transfer of Douglas Davis to St. John's Mercy Hospital in St. Louis, Missouri.

32.     St. John's Hospital accepted the transfer of Douglas Davis at approximately 7:15 p.m.

33.     Douglas Davis was then transported by prison van to St. John's Mercy Hospital in St. Louis, Missouri, 71 miles away.

34.     On January 20, 2011, at approximately 10:51 p.m., Douglas Davis was admitted the St. John's Mercy Hospital in St. Louis, Missouri; the physicians at St.

John's diagnosed Douglas Davis with endocarditis and cerebral infarction (ischemic stroke).

35.     On January 21, 2011, at approximately 12:01 a.m., Douglas Davis suffered a subarachnoid hemorrhage (hemorrhagic stroke) causing him to going into acute respiratory failure and cardiac arrest.

36.     On January 21, 2011, at approximately 2:20 p.m., Douglas Davis was pronounced brain dead.

**COUNT 1:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(General Allegations)**

37.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained within all of the foregoing paragraphs, all as though fully restated herein.

38.     In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of death after having actual knowledge of such need for treatment and the strong likelihood of death absent such treatment in deprivation of Mr. Davis's rights under the 8th Amendment of the United States Constitution and the Due Process Clause of the 14th Amendment of the United States Constitution.

39.     As a direct and proximate result of the violation of Douglas Davis's constitutional rights by the Defendants, plaintiff suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42 U.S.C. §1983.

40.     The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

41.     42 U.S.C. §1988 authorizes the payment of attorney's fees, expert fees, and expenses to plaintiff's counsel, and plaintiff seeks that relief.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including pre and post-judgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 2:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Provide Health Care–
### Defendant Missouri Department of Corrections, Luebbers, and John and Jane Doe
### Correctional Officers)

42.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained within all of the foregoing paragraphs, all as though fully restated herein.

43.     On or before January 19, 2011, Defendants Missouri Department of Corrections, Defendant Al Luebbers, and Defendant John and Jane Doe Correction Officers (the "Correctional Defendants"), themselves, and by and through their agents/employees, had actual knowledge that Douglas Davis was suffering from a severe medical condition.

44.     On or before January 19, 2011, the Correctional Defendants knew Douglas Davis was suffering from symptoms of a stroke including fever, drowsiness, slurred speech, inability to respond to questions or commands, decreased eye / hand

11

coordination, weakness on right side of the body, and muscle weakness / facial drooping on the right side of the body.

45.     A stroke is a serious medical condition that requires emergency medical treatment.

46.     On information and belief, the Correctional Defendants were told by one or more of the infirmary staff that Douglas Davis was possibly suffering a stroke and that he should receive emergency medical treatment.

47.     On information and belief, one or more of the Correctional Defendants disregarded or overrode the medical decision to send Douglas Davis to the emergency room for emergency medical treatment.

48.     Instead, the Correctional Defendants assumed that Douglas Davis had suffered a drug overdose and placed him in solitary confinement.

49.     When the Correctional Defendants did finally allow Douglas Davis to seek emergency medical treatment more than 24 hours later, they falsely reported to the emergency medical provider that Douglas Davis had overdosed on illegal drugs.

50.     Defendants' failure to seek emergency medical treatment for Douglas Davis amounts to deliberate indifference to Douglas Davis's serious medical needs.

51.     Defendants' false reports of a drug overdose amounts to deliberate indifference to Douglas Davis's serious medical needs.

52.     In committing the acts complained of herein, Defendants acted under color of State law with deliberate indifference to the serious medical needs of Douglas Davis.

53.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, decedent Douglas Davis was deprived of rights, privileges, and immunities guaranteed by the 8th and 14th Amendments to the United States Constitution, leading to his untimely death.

54.     As a direct and proximate result of the deliberate indifference to Douglas Davis's serious medical needs, Douglas Davis suffered serious mental and physical torment and ultimately his death, for which plaintiff is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendant Missouri Depart of Corrections, Defendant Al Luebbers, and Defendant John and Jane Doe Correction Officers, and each of them jointly and severally, for damages, including pre and post-judgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

**COUNT 3:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Defendant Dr. Robert. L. Wudel, D.O. and Dr. David Mullen, D.O.)**

55.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained within all of the foregoing paragraphs, all as though fully restated herein.

56.     At all times relevant hereto, Defendant Dr. Robert L. Wudel, D.O. was a duly licensed medical doctor, was employed and acting at all material times as agent for Defendant Corizon, Inc., contracted with the Missouri Department of Corrections to provide needed healthcare and medical services to inmates housed in the Farmington Correctional Center, and as such was acting at all material times under color of State law.

57.     At all times relevant hereto, Defendant Dr. David Mullen, D.O., was a duly licensed medical doctor, was employed and acting at all material times as agent for Defendant Corizon, Inc., contracted with the Missouri Department of Corrections to provide needed healthcare and medical services to inmates housed in the Farmington Correctional Center, and as such was acting at all material times under color of State law.

58.     From October 2010, till his death January 21, 2011, decedent Douglas Davis was a detainee and inmate at the Farmington Correctional Center, where he came under the medical care of Defendant Wudel and Defendant Mullen.

59.     On or before January 19, 2011, Douglas Davis began suffering symptoms of a stroke, causing him to be in serious need of emergency medical attention, a fact which Defendants Wudel and Mullen, through their agents and employees, knew and documented.

60.     Defendants Wudel and Mullen were deliberately indifferent to Douglas Davis's serious medical need for emergency medical treatment when, after being notified of Douglas Davis's symptoms and need for emergency medical treatment, did nothing to evaluate, assess or remedy his condition.

61.     In committing the acts complained of herein, Defendants Wudel and Mullen acted under color of State law with deliberate indifference to the serious medical needs of Douglas Davis.

62.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, decedent Douglas Davis was deprived of rights, privileges, and

immunities guaranteed by the 8th and 14th Amendments to the United States Constitution, leading to his untimely death.

63.    As a direct and proximate result of the deliberate indifference to Douglas Davis's serious medical needs, Douglas Davis suffered serious mental and physical torment and ultimately his death, for which plaintiff is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendant Robert L. Wudel, D.O. and Defendant David Mullen, D.O., and each of them jointly and severally, for damages, including pre and post-judgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

### COUNT 4:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Defendant Beverly A. Duncan Susan M. Clark, and Felicia Giudicy)

64.    Plaintiff hereby re-alleges and incorporates by this reference the allegations contained within all of the foregoing paragraphs, all as though fully restated herein

65.    At all times relevant hereto, Defendant Beverly A. Duncan was a duly licensed practical nurse, was employed and acting at all material times as agent for Defendant Corizon, Inc., contracted with the Missouri Department of Corrections to provide needed healthcare and medical services to inmates housed in the Farmington Correctional Center, and as such was acting at all material times under color of State law.

66.    At all times relevant hereto, Defendant Susan M. Clark was a duly licensed practical nurse, was employed and acting at all material times as agent for Defendant

15

Corizon, Inc., contracted with the Missouri Department of Corrections to provide needed healthcare and medical services to inmates housed in the Farmington Correctional Center, and as such was acting at all material times under color of State law.

67.    At all times relevant hereto, Defendant Felicia Guidicy was a duly licensed practical nurse, was employed and acting at all material times as agent for Defendant Corizon, Inc., contracted with the Missouri Department of Corrections to provide needed healthcare and medical services to inmates housed in the Farmington Correctional Center, and as such was acting at all material times under color of State law.

68.    From October 2010, till his death January 21, 2011, decedent Douglas Davis was a detainee and inmate at the Farmington Correctional Center, where he came under the medical care of Defendants Duncan, Clark, and Giudicy.

69.    On or before January 19, 2011, Douglas Davis began suffering symptoms of a stroke, causing him to be in serious need of emergency medical attention, a fact which Defendants Duncan, Clark, and Giudicy, knew and documented.

70.    Defendants Duncan, Clark, and Giudicy were deliberately indifferent to Douglas Davis's serious medical need for emergency medical treatment when, after being notified and observing Douglas Davis's symptoms and need for emergency medical treatment, did nothing to evaluate, assess or remedy his condition.

71.    In committing the acts complained of herein, Defendants Duncan, Clark, and Giudicy acted under color of State law with deliberate indifference to the serious medical needs of Douglas Davis.

72.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, decedent Douglas Davis was deprived of rights, privileges, and immunities guaranteed by the 8th and 14th Amendments to the United States Constitution, leading to his untimely death.

73.     As a direct and proximate result of the deliberate indifference to Douglas Davis's serious medical needs, Douglas Davis suffered serious mental and physical torment and ultimately his death, for which plaintiff is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendant Beverly A. Duncan, Defendant Susan M.Clark, and Defendant Felicia Giudicy, and each of them jointly and severally, for damages, including pre and post-judgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 5:
## Medical Negligence (Defendants Wudel, Mullen, Duncan, Clark, Giudicy, and Corizon, Inc.)

74.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained within all of the foregoing paragraphs, all as though fully restated herein

75.     Defendants Wudel, Mullen, Duncan, Clark, and Giudicy owed Douglas Davis a legal duty to exercise that degree of skill and learning ordinarily exercised by members of their profession under the same or similar circumstances.

76.     Defendants Wudel, Mullen, Duncan, Clark, and Giudicy breached their duties to Douglas Davis, and were thereby negligent in one or more of the following particulars:

        a.     In failing to treat Douglas Davis, who was detained and/or incarcerated in the Farmington Correction Center under Defendants' medical care and supervision;

        b.     In failing to diagnose Douglas Davis's stroke despite Defendant's actual knowledge of Douglas Davis' serious medical symptoms;

        c.     In diagnosing Douglas Davis's stroke but failing to report that condition to the Farmington Correction Center Staff and/or failing to communicate the seriousness of that condition and the need for emergency medical treatment to Farmington Correctional Center Staff;

        d.     In reporting Douglas Davis' serious medical condition to Farmington Correctional Center Staff but failing to insist that Douglas Davis required immediate emergency medical treatment;

        e.     By failing to act as an advocate on behalf of their patient; and

        f.     In further particulars presently unknown to Plaintiff, but which are believed will be discovered upon proper discovery within the litigation.

**77.**     At all times relevant hereto, Defendants Wudel, Mullen, Duncan, Clark, and Giudicy were agents and/or employees of Corizon, Inc., acting as its agents within the scope and course of their employment in treating, or failing to treat, Douglas Davis. As such, Corizon, Inc., is vicariously liable for their negligent acts.

78.     As a direct and proximate result of the aforementioned negligence and breach of care by the Defendants, Douglas Davis was injured, caused to suffer conscious

pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

79.     That by reason of the foregoing premises, Plaintiff is entitled to recover fair and reasonable damages against the Defendants, and each of them, as provided for in § 537.080 R.S.Mo, for the wrongful injuries to and the wrongful death of Douglas Davis, including special damages for his funeral and burial.  Plaintiff is also entitled to recover fair and reasonable damages against the Defendants for his personal injuries.

80.     From the beginning of the negligent treatment, or lack of treatment, and withholding of emergency medical treatment described hereinabove until his untimely death, Douglas Davis suffered physical and mental pain which is an item of damage to be considered and awarded.

81.     Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Douglas Davis or others similarly situated, and was done with such reckless indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendant Robert L. Wudel, D.O., Defendant David Mullen, D.O., Defendant Beverly A. Duncan, Defendant Susan M.Clark, Defendant Felicia Giudicy, and Defendant Corizon, Inc., and each of them jointly and severally, for damages, including pre and post-judgment interest, in a fair and

reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 6:
## Lost Chance of Recovery (Defendants Wudel, Mullen, Duncan, Clark, Giudicy, and Corizon, Inc.)

82.     Plaintiff hereby re-alleges and incorporates by this reference the allegations contained within all of the foregoing paragraphs, all as though fully restated herein

83.     This Count of Plaintiff's Complaint is brought pursuant to the authority of R.S.Mo. §§ 537.020 and 537.021, and the decision of the Missouri Supreme Court in the case of *Wollen v. DePaul Health Care Center*, 828 S.W.2d. 681 (Mo. *banc* 1992).

84.     At the time of Douglas Davis's death, the decedent was possessed of a cause or causes of action for personal injuries to the decedent in the manner and under the circumstances as alleged hereinabove.

85.     The decedent suffered from an ailment or condition which carried with it a significant material statistical chance of survival with appropriate treatment.

86.     The Defendants herein failed to diagnose or adequately treat the ailment or condition of the decedent.

87.     The negligence of the Defendants, and each of them, in failing to diagnose, treat the ailment or condition of the decedent directly and proximately caused, or directly and proximately contributed to cause the decedent to lose his chance of recovery.

88.     The chance of recovery lost was material.

89.     As a direct and proximate result of the negligence set forth above, decedent suffered great personal injury, pain and suffering, and mental anguish prior to his death.

20

90.     As a direct and proximate result of the carelessness and negligence of the Defendants, decedent Douglas Davis received the following severe, permanent, and devastating injuries:  the decedent was caused to endure the effects of a ongoing ischemic stroke with absolutely no medical treatment or ameliorative treatment therefore; the decedent was caused to endure the mental pain and anguish of suffering from a life threatening condition while the defendants refused to provide him with emergency treatment; and the decedents medical treatment for a life threatening condition was delayed, which ultimately caused or contributed to cause his death.

91.     Decedent's ability to recover and his significant material chance of recovery were taken away by Defendants' negligence.

92.     As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, instruction, guidance, counsel, training, support, love, and affection, as well as all other elements of damage listed in R.S.Mo. § 537.090.   Additionally, decedent suffered great physical pain and mental anguish through the time period of Defendants' negligence.  Plaintiff has also incurred expenses by way of funeral and burial expenses.

93.     As a direct and proximate result of the carelessness and negligence of the Defendants, the decedent Douglas Davis suffered the loss of life, and with it the loss of future income and enjoyment of life multiplied by the decedent's lost chance of recovery.

WHEREFORE, Plaintiff prays for judgment against Defendant Robert L. Wudel, D.O., Defendant David Mullen, D.O., Defendant Beverly A. Duncan, Defendant Susan M.Clark, Defendant Felicia Giudicy, and Defendant Corizon, Inc., and each of them

jointly and severally, for damages, including pre and post-judgment interest, in a fair and reasonable sum in excess of $75,000.00, his costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## V.  INJURIES AND DAMAGES

94.     As a direct and proximate result of the negligence set forth above, decedent Douglas Davis suffered great personal injury, pain and suffering and mental anguish prior to his death.

95.     As a direct and proximate result of the Defendants' deliberate indifference to the serious medical needs of decedent Douglas Davis, he was forced to suffer the following severe, permanent and devastating injuries:  the decedent was caused to endure the effects of a ongoing ischemic stroke with absolutely no medical treatment or ameliorative treatment therefore; the decedent was caused to endure the mental pain and anguish of suffering from a life threatening condition while the defendants refused to provide him with emergency treatment; and the decedents medical treatment for a life threatening condition was delayed, which ultimately caused or contributed to cause his death.

96.     As a direct and proximate result of the deliberate indifference to the serious medical needs of decedent Douglas Davis, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, instruction, guidance, counsel, training, support, love, and affection.  Additionally, decedent suffered great physical pain and mental anguish through the time period of the Defendants' deliberate indifference to

his serious medical needs.  Plaintiff has also incurred expenses by way of funeral and burial expenses.

97.    As a direct and proximate result of the Defendants' deliberate indifference to decedent Douglas Davis's serious medical needs, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

98.    Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to Douglas Davis's serious medical needs in violation of his civil rights pursuant to 42 U.S.C. § 1983.

**PRAYER FOR RELIEF:**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DEMANDS:**

1.    That process be issued to the Defendants and they are required to answer in the time allowed by law;

2.    That judgment be rendered in favor of Plaintiff and against Defendants jointly and severally in an amount sufficient to compensate Plaintiff for injuries and damages suffered by the decedent;

3.    That Plaintiff be awarded those damages to which it may appear he is entitled by proof submitted in this case for pecuniary losses suffered by reason of Douglas Davis' death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support lost by reason of Douglas Davis' death;

4.      That Plaintiff be awarded those damages to which it may appear he is entitled by proof submitted in this case for Douglas Davis's physical and mental pain and suffering and untimely death;

5.      That judgment be rendered in favor of Plaintiff and against Defendants jointly and severally for punitive damages;

6.      That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorneys' fees and experts' fees pursuant to 42 U.S.C. §1988 (b) and (c);

7.      That Plaintiff be awarded both pre-judgment and post-judgment interest; and

8.      That Plaintiff be awarded all further and general relief to which he may be entitled.

<u>**DEMAND FOR JURY TRIAL**</u>

**COME NOW** plaintiffs, and demand a jury trial on all issues raised herein.

<u>**DESIGNATION OF PLACE OF TRIAL**</u>

**COME NOW** plaintiffs, and designate St. Louis, Missouri as the place of trial.

Respectfully submitted,

PEDDICORD & TOWNSEND, LLC


/s/ Michael D. Townsend
Michael D. Townsend      #57784 MO
Peddicord & Townsend, LLC
106 West 11th Street, Suite 1630
Kansas City, MO 64105
P:  816-842-3200

24

F:  816-842-3201
mtownsend@ptlawkc.com
***Attorneys for Plaintiff***