UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Z.D., a minor, through next friend Amanda Bottcher, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THOMAS VILLMER, in both his individual and official capacities as warden of the Farmington Correctional Center, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 4:12CV02144 AGF

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants the Missouri Department of Corrections ("MDOC") and Thomas Villmer, sued in both his individual and official capacity as warden of the Farmington Correctional Center ("FCC"), to dismiss Plaintiff's complaint against them. Plaintiff asserts claims under 42 U.S.C. § 1983 against ten Defendants, including the two moving Defendants, regarding the denial of necessary medical care to Douglas Davis, which led to his death when he was an inmate at FCC. Plaintiff is the decedent's son. For the reasons set forth below, Defendants' motion shall be granted as to MDOC and Villmer in his official capacity, but denied as to Villmer in his personal capacity.

## BACKGROUND

Plaintiff brought the present action, naming as Defendants MDOC, Villmer, two Doe FCC correctional officers, the private provider of health care services for FCC, and five medical employees of the private provider. According to the complaint, at 6:15 a.m. on January 19, 2011, Davis presented to the FCC infirmary with symptoms including slurred speech, an inability to respond to questions or commands, weakness on the right side of his body, decreased hand/eye coordination, and muscle weakness/facial drooping on the right side of his body. Plaintiff alleges that "the Correctional Defendants were told by one or more of the infirmary staff that Douglas Davis was possibly suffering a stroke and that he should receive emergency medical treatment." (Doc. No. 1 at 12.)

Plaintiff further alleges that the "Correctional Defendants" instead assumed that Davis had suffered a drug overdose, and Davis was placed in solitary confinement. The symptoms persisted, and Davis was referred to a local hospital for emergency medical treatment on January 20, 2011. *Id.* Plaintiff alleges that the "Correctional Defendants" falsely reported to the hospital that Davis had overdosed on illegal drugs. *Id.* Davis was diagnosed with a cerebral infarction, and was transferred to another hospital, where, on January 21, 2011, he suffered a fatal hemorrhagic stroke. Plaintiff claims that Defendants' failure to seek emergency medical treatment for Davis amounted to deliberate indifference to Davis's serious medical needs in violation of Davis's Eighth Amendment rights.

In support of their motion to dismiss, Defendants MDOC and Villmer argue that MDOC and Villmer in his official capacity are immune from suit under the Eleventh

Amendment. They argue that Villmer is protected in his individual capacity by qualified immunity as Plaintiff does not allege that Villmer personally violated any of Davis's constitutional rights. The moving Defendants further argue that Villmer cannot be sued under § 1983 based upon a theory of respondeat superior for the actions of subordinate FCC personnel.

Plaintiff concedes that the claims against MDOC and Villmer in his official capacity are barred by the Eleventh Amendment. But Plaintiff argues that the complaint alleges sufficient facts against Villmer to support a 42 U.S.C. § 1983 claim against him in his individual capacity, as the term "Correctional Defendants" used in the complaint includes Villmer.

## **DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

As Defendants argue, courts do not recognize respondeat superior as a theory of liability under § 1983 claims. *See, e.g., Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004,

3

1012 (8th Cir. 2012) ("In a § 1983 case an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability.") (citations omitted).

As noted above, Plaintiff alleges in the complaint that the "Correctional Defendants" were warned that Davis was suffering a stroke requiring emergency medical treatment but disregarded this warning. It may well be that Villmer could prevail on summary judgment by establishing that he had no direct involvement in the acts challenged by Plaintiff. However, the Court concludes, at this stage of the proceeding, Plaintiff has stated a claim for relief against Villmer in his individual capacity that is plausible on its face. *See, e.g., Lacy v. Reed*, No. 11-6053, 2012 WL 4483586 (W.D. Ark. Sept. 28, 2012) (holding that a prisoner's complaint against a warden survived a dismissal where the prisoner alleged that the warden was personally involved in the grievance and appeal procedure that resulted in a violation of the prisoner's constitutional rights) (adopting magistrate judge's report and recommendation).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Plaintiff's complaint is **GRANTED** with respect to the Missouri Department of Corrections and Villmer in his official capacity, and **DENIED** with respect to Villmer in his individual capacity. (Doc. No. 29.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2013.